**Gregory Lynn NORWOOD, Plaintiff–Appellant,**

v.

**James E. TILTON, Director; et al., Defendants–Appellees.**

**No. 13–15425.**

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2014.*

Filed May 29, 2014.

Gregory Lynn Norwood, Vacaville, CA, pro se.

Jose Zelidon–Zepeda, AGCA—Office of the California Attorney General, San Francisco, CA, Tracy S. Hendrickson, Supervising Deputy Attorney General, AGCA—Office of the California Attorney General, Sacramento, CA, for Defendant–Appellee.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: CLIFTON, BEA, and WATFORD, Circuit Judges.

## MEMORANDUM **

California state prisoner Gregory Lynn Norwood appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging an Eighth Amendment violation in connection with a four-month denial of outdoor exercise. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Jones v. Blanas,* 393 F.3d 918, 926 (9th Cir.2004). We affirm.

The district court properly granted summary judgment because Norwood failed to raise a genuine dispute of material fact as to whether defendants acted with deliberate indifference when they restricted inmates' access to outdoor exercise in response to an inmate attack on staff and subsequent security concerns. *See Thomas v. Ponder,* 611 F.3d 1144, 1150–51, 1155 (9th Cir.2010) (setting forth the elements of an Eighth Amendment claim in the context of the deprivation of outdoor exercise); *Norwood v. Vance,* 591 F.3d 1062, 1069–70 (9th Cir.2010) (prison officials' decisions must be given deference when they relate to matters of security).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright,* 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

Norwood's contention concerning defendants' alleged failure to provide him with a letter pertaining to the attack is unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.